Lewis Clinton **ALLEN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14686.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Frank Grayson, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Lewis Clinton Allen, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma

County, Oklahoma, with the crime of Robbery With Firearms; said Information alleging that defendant and one Grady Harris, acting conjointly and together, robbed the Seven-Eleven Store No. 19, located at 1436 N.E. 36th, Oklahoma City, Oklahoma, on March 15, 1967, of an undetermined amount of money and six or seven cartons of cigarettes, using a certain gun, Serial No. 138418. Severance was granted and defendant was brought to trial on September 11, 1967.

Briefly stated, the facts adduced on the trial are as follows:

The State's first witness was Werley Beavers, Assistant Manager of the above mentioned 7-11 Store, who testified that in the early morning hours of March 15, 1967, he was held up by two colored males. This witness identified the defendant as one of the men who had approached him with a gun, and advised him that "This is a hold up—get the money." Mr. Beavers emptied the cash registers and put the money in a sack and the defendant told him they wanted more money and asked him to open the vault. This witness stated that he did not have the key and could not open the vault, at which time they took him to first the front door, and then decided they wanted to go out the back door, which he unlocked. The defendant then came back in the store and got between 7 and 10 cartons of cigarettes. Mr. Beavers went back into the store and while he was making a call, the police drove up.

The next witness for the State was Jerry Landsberger, a Policeman with the Warr Acres Police Department, who stated that on March 27, 1967, on 64th Street, he observed a 1959 black Oldsmobile which had been stopped by another officer. There were two occupants in the car who later were identified as the defendant and Grady Harris. This witness approached the car and asked Mr. Harris to step out, which he did. At this time no arrest had been made, but when Mr. Harris stepped from the car, this witness saw a pistol protruding from beneath the seat where Mr. Harris.

had been sitting. He retrieved the pistol and removed the bullets, at which time the defendant and Harris were taken into custody. At this point the gun was introduced into evidence as Exhibit No. 1, and the defendant demurred to the evidence, which demurrer was overruled with exceptions allowed.

The first witness for the defense was the defendant, who stated that he was 27 years old, and at the time of the robbery was living at 627 N.E. 30th with his common law wife, and further stated that on March 15, 1967, he was at home, that he did not rob the 7-11 Station and had never owned a pistol in his life. He did state that he had seen the pistol in question on Saturday night in the possession of some "white boys" who had asked them to show them around the east side and told them to meet them at the car wash on 63rd and McArthur. He stated that they waited until about 11:00 and the boys did not arrive. The defendant noticed that his tail light was out, so he stepped out of his car and was attempting to fix the tail light when the police drove up. He further testified that another officer drove up and asked Harris to step from the car. The officers then questioned the defendant about his driver's license, they searched the car and found nothing, and put the defendant in one police car and Harris in another police car and took them to the Warr Acres Police Station. He testified that they were at the police station about three hours and after they pulled the car to the station, they evidently found the gun under the seat. They were kept at the police station for about four hours and were then taken to the county jail; however, he stated that he did not confess to anything.

The next defense witness was Walter B. Eoff, who stated that he was the owner and operator of Dry Wall Supply Company, that he knew the defendant and that he was one of his employees, and that the defendant was a good worker.

Alberta Allen testified that she was the mother of the defendant and she lived in

Spencer, Oklahoma. She stated that on March 15th the defendant was living with her part-time, that he was a good boy and gave her money.

On appeal the defendant argues several assignments of error, only two of which have sufficient merit to warrant discussion in this opinion. It is contended by the defendant, that the trial court erred in admitting into evidence the revolver taken from the car operated by the defendant's co-defendant, Grady Harris, for the reason that (1) the weapon was seized as a result of an unlawful search and seizure, and (2) because said weapon was not positively identified as being the identical weapon used by co-defendant Harris during the course of the robbery. We are of the opinion that both of these assignments of error are without merit, for from the evidence adduced on behalf of the State, the two Negro males were parked in a residential area, late at night, and had been in that vicinity for some time prior to the time the officers asked them for identification when they stepped from the automobile and the weapon in question was in clear view of the officers. It then became their duty, at that time, to place these defendants under arrest and to take into custody the firearm.[1]

The defendant, in his testimony, denied that the firearm was discovered at the time or under the circumstances described by the officers and testified that it was not found until some time after his arrest. The testimony on this issue was in sharp conflict, and it became the duty of the jury, under the Instructions given them by the court, to weigh and determine the evidence and ferret out the truth. It is readily apparent that they resolved this issue against the defendant.

This leads us to a consideration of the defendant's argument that since the weapon in question was not recovered until two weeks after the time of the robbery,

and in view of the fact that it was not positively identified as the weapon used by co-defendant Harris, its submission into evidence was improper and highly prejudicial. While the robbery victim did not take the serial number of the weapon with which he was robbed, he did identify it as being similar to the one used by co-defendant Harris, and this was the circumstance which, when considered with the witness' positive identification of the defendant and his co-defendant Harris as the robbers, was of probative value and undoubtedly assisted the jury in their determination of the issue of defendant's guilty, for when the defendant and the co-defendant acted in concert in the commission of the robbery, both were principals and the act of one was in point of law the act of the other.

Under all of the facts and circumstances in the instant case, the judgment appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.

---

1. Title 21 O.S. § 1271 provides in pertinent part: "It shall be unlawful for any person in the State of Oklahoma to carry concealed on or about his person * * * any pistol, revolver * * *."